United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 6, 2006**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-30662

EDMUND LEN,

Plaintiff-Appellant,

versus

AMERICAN OVERSEAS
MARINE CORPORATION,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

(04-CV-1672)

Before HIGGINBOTHAM, DAVIS, and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:[*]

Edmund Len appeals the district court's dismissal of the suit filed against his employer,

American Overseas Marine Corp. (AMSEA), for injuries sustained aboard a public vessel. The district

court determined that Len's exclusive remedy was against the United States under the Suits in

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published
and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Admiralty Act of 1920 (SAA), 46 U.S.C. App. §§ 741-52, and the Public Vessels Act (PVA), 46 U.S.C. App. §§ 781-90. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Seaman Edmund Len injured his hand while cleaning gun barrels aboard the USNS POLLUX on February 12, 2001. On June 15, 2004, Len filed a complaint against AMSEA, asserting claims for negligence under the Jones Act and retaliatory discharge and/or disability discrimination under general maritime law. Len intentionally did not file suit under the SAA or PVA because he filed suit after the SAA two year limitations period.

In January 2005, AMSEA moved for summary judgment dismissal asserting that suit against AMSEA is barred because, under the Suits in Admiralty Act of 1920 (SAA), 46 U.S.C. §§ 741-52, and the Public Vessels Act (PVA), 46 U.S.C. §§ 781-90, Len's exclusive remedy is against the United States. On April 26, 2005, Len filed in the federal district court an opposed motion to dismiss without prejudice. The memorandum in support of his motion states that Len originally filed suit in Louisiana state district court, but that court granted AMSEA's lack of subject matter exception. Len then filed the instant federal suit and, simultaneously, appealed the state district court's ruling. On appeal, the Louisiana district court ruling was reversed and remanded. In light of the state appellate decision and his desire to proceed only in state court, Len requested dismissal of this federal suit.

After examining the contract between AMSEA and the United States, the federal district court found that there remained no issue of material fact whether AMSEA is an agent of the United States for purposes of 46 U.S.C. § 745 exclusivity, and concluded that Len's sole remedy for all his claims is against the United States. The district court denied Len's motion to dismiss and granted AMSEA's motion for summary judgment against Len.

2

Len appeals the federal district court's summary judgment against him, asserting that the SAA is only the exclusive remedy "where a remedy is provided by this chapter" and that it did not provide him a remedy because his claims were time barred when he filed suit.

## II. STANDARD OF REVIEW

We review de novo a district court's summary judgment ruling, and apply the same standard applicable to the district court's determination: summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Favorite v. Marine Pers. & Provisioning, Inc.*, 955 F.2d 382, 385 (5th Cir. 1992).

## III. DISCUSSION

The parties agree that the POLLUX is a public vessel of the United States, operated and maintained by AMSEA. Len does not contend that the SAA did not apply prior to expiration of the two year period during which SAA actions must be brought, thus it is undisputed that the SAA provided Len a remedy until the end of its two year limitations period. Similarly undisputed is the status of AMSEA as agent of the United States.[1] Finally, the maritime nature of the claims asserted against AMSEA is undisputed, as Len contends that he may still pursue the claims alleged in this complaint under the Jones Act and general maritime law. Len's argument, as well as the outcome of this appeal, turns on whether the SAA provides a remedy for the maritime claims he has asserted against AMSEA.

---

[1]Len does not argue that there remains an issue of material fact about AMSEA's status as agent of the United States.

3

Len essentially asks this court to find that his SAA remedy against the United States expired at the end of the two year period during which suit could be brought under § 745 and that after that time, the SAA provided no remedy to him because he could no longer file suit thereunder. Whether a remedy exists is not defined by the timeliness of a filed complaint. "[A] 'remedy is provided' within the meaning of § 745, and [the complaint] must be dismissed if, one, the underlying maritime law would permit the seaman to state the same claim against a private party, and two, the United States has waived its sovereign immunity with respect to that claim. *Martin v. Miller*, 65 F.3d 434, 442 (5th Cir. 1995) (citing *Williams v. Cent. Gulf Lines*, 874 F.2d 1058, 1061 (5th Cir. 1989).

This two part test to determine whether § 745 provides a remedy was set forth by *Williams* in reverse order: "[T]he issue of whether a remedy against the United States is provided by the Suits in Admiralty Act [entails] a two part inquiry." *Williams v. Cent. Gulf Lines* 874 F.2d 1058, 1061 (5th Cir. 1989). Part one is the "jurisdictional hook" inquiry where we apply the SAA's statutory language to the present circumstances and ask "whether the United States has consented to suit given the facts at hand." *Id.* Part two is the "traditional admiralty claim" inquiry where we ask whether, "when the action arose, principles of maritime law would have allowed the appellant to state a claim against a private person in the same position as the Government." *Id.* at 1062. "Only by satisfying this two part test can it be concluded that a remedy is provided by the Suits in Admiralty Act so as to justify barring plaintiffs from bringing suit against private entities such as [AMSEA]." *Id.* at 1061.

Here, part one of the *Williams* test is satisfied: the United States has consented to suit via the PVA and SAA for the instant factual scenario involving a public vessel operated and maintained by an agent of the United States. Therefore we now examine "whether [Len] has a claim under

4

applicable maritime law against a private person in the position of the United States." *Martin*, 65 F.3d at 442.

Len's claims arise from a severe injury to his hand that occurred while he was working with a grinder aboard the POLLUX. A personal injury claim is maritime in nature "when the alleged wrong (1) occurs on navigable waters and (2) bears a significant relationship to traditional maritime activity." *Favorite*, 955 F.2d at 347 (citation omitted). The traditional role of admiralty has been to furnish remedies for those injured while traveling on navigable waters. *Id.* If the POLLUX were owned by a private person instead of by the United States, Len would have maritime law claims against the private owner arising from the hand injury he sustained while working aboard the vessel.

Moreover, Len's assertions that he has viable Jones Act and general maritime law claims concede that his claims are maritime in nature. Likewise, his contention that his claims continue to be viable against AMSEA effectively concedes that, if AMSEA were owner of the vessel, his claims could be brought against a private person in the position of the United States.

We find that part two of the *Williams* test is satisfied: Len could state a maritime claim against a private person in the same position as the Government. Therefore, we conclude that the SAA provides a remedy for Len's claims that arise from the hand injury that occurred while he worked aboard the POLLUX.[22] If the SAA provides a remedy against the United States then, for actions that arise from the same subject matter, the SAA remedy is exclusive of any action against the agent or employee of the United States whose act or omission gave rise to the claim. 42 U.S.C. § 745; *Doyle*

---

[2]This is true for Len's claim for retaliatory discharge and disability just as it is for his other claims. *Cf. Burger v. Bay Ship Mgmt., Inc.*, 1999 WL 681386, *1 (E.D. La. Aug. 31, 1999) (unpublished) (finding summary judgment proper where seaman's claims of age discrimination, conspiracy, and retaliatory discharge arose from claim for which PVA and SAA provided a remedy).

5

*v. Bethlehem Steel Corp.*, 504 F.2d 911, 912 (5th Cir. 1974); *see also Tarver v. United States*, 785 F. Supp. 607, 612 (S.D. Miss. 1991) ("Because Pan Am was an agent of the government, Tarver has no remedy against Pan Am if the PVA or the SAA provides a remedy against the United States.").

## IV. CONCLUSION

The claims that Len filed against AMSEA arise from the same hand injury for which the PVA and SAA provide a remedy. It is well settled that, where the SAA provides a remedy, that remedy is exclusively against the United States and may not be brought against an agent of the United States whose acts or omissions gave rise to the claimed injury. The judgment of the district court is AFFIRMED.